UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AUCTUS FUND, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 19-11027-WGY |
| SAUER ENERGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

YOUNG, D.J.                                                July 22, 2019

**ORDER TO SHOW CAUSE**

On May 1, 2019, Auctus Fund, LLC ("Auctus") initiated this
action in federal court on the basis of diversity jurisdiction.
Compl. Demand Jury Trial ¶ 6, ("Compl."), ECF No. 1.  At a
hearing on July 1, 2019, the Court ordered Auctus to submit its
membership information within two weeks so that the Court could
verify its jurisdiction.  Electronic Clerk's Notes, ECF No. 11;
see also Wolf v. Altitude Costa LLC, 347 F. Supp. 3d 106, 109
(D.P.R. 2018) (observing that, for diversity jurisdiction
purposes, "[a]n LLC shares the citizenship of all its members")
(citing D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra,
661 F.3d 124, 125 (1st Cir. 2011) (per curiam)).

Two weeks have passed, and Auctus has not submitted its
membership information to the Court.  It instead filed an

amended complaint. First Am. Compl. Demand Jury ¶ 6 ("Am. Compl."), ECF No. 12. Accordingly, the Court ORDERS Auctus to show cause within the week why it has not submitted that information.

Further, the amended complaint predicates federal jurisdiction only on its newly added claims that arise under the Securities Act of 1933 and the Securities Exchange Act of 1934. See id. (citing 28 U.S.C. § 1331; 15 U.S.C. § 77a et seq. (the "Securities Act"); 15 U.S.C. §§ 78a et seq. (the "Securities Exchange Act"). It does not claim that the Court has diversity jurisdiction. See id.

In another pending matter involving Auctus, the Court noted its "grave[] doubt" that similar Auctus "instruments constitute securities under the Securities Exchange Act of 1934" and that the antifraud provisions of the Securities Act applied to those instruments. See Order Show Cause 2, Auctus Fund, LLC v. Sunstock, Inc., Civ. A. No. 18-12568-WGY (D. Mass. May 6, 2019) (the "Sunstock Litigation"), ECF No. 43. There, the Court noticed that the parties labeled the instruments as notes that matured in nine months, and so on their face appeared to fall outside the scope of the Securities Exchange Act. See id. at 2-3 (citing 15 U.S.C. §§ 78c; 78j(b)); compare Am. Compl. Ex. B at 1, ECF No. 12-3 (indicating note issued on April 27, 2018 with a maturity date nine calendar months later, January 27, 2019).

[2]

The Court also did not see evidence of a viable claim under the antifraud provisions of the Securities Act because Auctus's complaint did not allege that it purchased the instrument in a public offering. See Order to Show Cause 3-4, Sunstock Litigation (citing 15 U.S.C. § 771(a)(2); Gustafson v. Alloyd Co., 513 U.S. 561, 584, (1995)); compare Am. Comp., Ex. A. § 1.2.b, ECF No. 12-2 (representing that Auctus "is an 'accredited investor' as that term is defined in Rule 501(a) of Regulation D"); compare also Am. Compl. (no allegations that Auctus purchased instrument in public offering).

The Court previously thought these defects "possibly divest[ed] the Court of subject matter jurisdiction." Id. at 2 (citing Bell v. Hood, 327 U.S. 678, 682-83 (1946) (providing that the Court may dismiss a purported federal claim "for want of jurisdiction where the alleged claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial or frivolous"). In its response to the order to show cause, however, Auctus relied on the Ninth Circuit's decision in Securities and Exchange Commission v. R.G. Reynolds Enterprises, 952 F.2d 1125 (9th Cir. 1991).[1] Pls. Auctus Fund, LLC's & EMA

---

[1] Auctus offered four other, less-convincing arguments why its instruments constituted securities under the Securities Exchange Act. First, Auctus claimed, without statutory or case

Financial, LLC's Prelim. Statement Resp. to Court's Order Show

Cause Dated May 6th, 2019 at 4-6 ("Resp."), Sunstock Litigation,

ECF No. 45.   In R.G. Reynolds Enterprises, the Ninth Circuit

followed the Second, Fifth, Seventh, Tenth, and District of

Columbia Circuits in ruling that "the mere fact that a note has

a maturity of less than nine months does not take the case out

of [the Securities Acts], unless the note fits the general

notion of 'commercial paper.'"   952 F.2d at 1132 (citations and

internal quotation marks omitted).

Although Auctus did not defend its claim under the

antifraud provisions of the Securities Act, the Court concluded

that Auctus had provided enough in its response to demonstrate

that it had "colorable securities law claims" under the

Securities Exchange Act.   Order 1, Sunstock Litigation, ECF No.

48.

While the briefing in the Sunstock Litigation satisfied the

Court as to its jurisdiction over the Securities Exchange Act

---

law support, that when the act uses the word "month" it means 30
days.  See Resp. 2-3.  Second, it said that the instruments
constituted covered notes under Reves v. Ernst & Young, 494 U.S.
56 (1990), which sidesteps the issue of the nine-month exception
for such notes.  Id. at 6-13.  Third, Auctus argued that,
notwithstanding the instruments' self-description as "notes,"
they actually fell within the ambit of other instruments that
qualify as securities under the Securities Exchange Act.  Id. at
13-15.  Finally, Auctus insists that amendments to Rule 144
renders the instruments securities, even though the Securities
and Exchange Commission promulgated that rule under the
Securities Act.  Id. at 15-16.

claim, the Court still has qualms about the securities claims in this case. See Order Show Cause at 2-4, Sunstock Litigation; Order 1, Sunstock Litigation. The Ninth Circuit's decisions do not control this Court, and its R.G. Reynolds Enterprises decision appears to rely on the lack of legislative history to dispense with the plain meaning of the Securities Exchange Act's words. See 952 F.2d at 1132 (reasoning that because the legislative history to the Securities Act indicated that it only sought to exempt commercial paper, the silence of the legislative history of the Securities Exchange Act on that point meant the drafters intended the same understanding).

The Court is chary to accept the absence of legislative history to rule that the legislature meant something other than what it said. See id. at 1131-33. The Court begins its interpretation of a statute from the statute's language and relies on the premise that "the words Congress chose, if not specially defined, carry their plain and ordinary meaning." Stornaway Fin. Corp. v. Hill (In re Hill), 562 F.3d 29, 32 (1st Cir. 2009) (citing Boivin v. Black, 225 F.3d 36, 40 (1st Cir. 2000)). In some cases, courts depart from plain meaning if its "application would bring about results that are . . . antithetical to Congress's discernible intent." United States v. Gordon, 875 F.3d 26, 34 (1st Cir. 2017) (quoting Hill, 562

F.3d at 32, and citing Church of the Holy Trinity v. United States, 143 U.S. 457, 459 (1892)).

Indeed, the Supreme Court has taken such an approach to interpret technical terms such as "notes" under the securities laws. See Reves v. Ernst & Young, 494 U.S. 56, 63 (1990) (explaining that "the phrase 'any note' should not be interpreted to mean literally 'any note,' but must be understood against the backdrop of what Congress was attempting to accomplish in enacting the Securities Acts"). The Court thus reads the Securities Exchange Act to exempt notes (that would otherwise be securities under the Reves test) with a maturity date nine months or less from the time of issuance. See Order to Show Cause 2-3, Sunstock Litigation (citing 15 U.S.C. § 78j(b); Reves, 494 U.S. at 63).

But "nine months" does not appear to be a technical term that requires the Court to resort to legislative intent to interpret it. See Hill, 562 F.3d at 32 (citing Boivin, 255 F.3d at 8). In any event, the Court is concerned about relying on the absence of legislative history to show that the plain meaning of "nine months" is "antithetical to Congress's discernible intent." See Gordon, 875 F.3d at 34.

Accordingly, the Court hereby ORDERS Auctus to show cause within 21 days why the Court ought not dismiss Auctus's securities law count for failure to state a claim. See Wyatt v.

Boston, 35 F.3d 13, 14-15 (1st Cir. 1994) ("[A] district court
may, in appropriate circumstances, note the inadequacy of the
complaint and, on its own initiative, dismiss the complaint.
Yet a court may not do so without at least giving plaintiffs
notice of the proposed action and affording them an opportunity
to address the issue.") (quoting Literature, Inc. v. Quinn, 482
F.2d 372, 374 (1st Cir. 1973)); Order to Show Cause 3-4,
Sunstock Litigation (identifying the Court's issues with the
Securities Act claim).

If Auctus neither demonstrates that diversity jurisdiction
exists nor shows its allegations amount to even one viable
securities law claim, this Court shall dismiss the securities
law count and decline to exercise supplemental jurisdiction over
Auctus's state law claims. See Rossi v. Gemma, 489 F.3d 26, 39
(1st Cir. 2007) ("As a general principle, the unfavorable
disposition of a plaintiff's federal claims at the early stages
of a suit . . . will trigger the dismissal without prejudice of
any supplemental state-law claims.") (quoting Rodriguez v. Doral
Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995) and citing 28
U.S.C. § 1367(c)(3)).

**SO ORDERED.**

William G. Young

WILLIAM G. YOUNG
DISTRICT JUDGE

[7]